HOLMES (McCREADY v.). See Case No. 8,-733.

---

## Case No. 6,643..

### HOLMES et al. v. OLDHAM et al.

[1 Hughes (1877) 76.] [1]

Circuit Court, E. D. North Carolina.

MUNICIPAL ELECTION—REGISTERING OFFICERS—INJUNCTION.

A bill of injunction will not lie in the United States circuit court to enjoin defendants, who are registering officers and poll-holders of election in a city of a state, from registering voters or holding an election in pursuance of state legislation and municipal charter.

[Cited in Guebelle v. Epley (Colo. App.) 28 Pac. 91.]

[This was a bill for an injunction by Duncan Holmes, Carter Gray, and others against W. P. Oldham and others.]

BOND, Circuit Judge. This is a bill to enjoin defendants, who are registrars and poll-holders of election in the city of Wilmington, North Carolina, from registering voters or holding an election under an amended charter of that municipality recently granted by the legislature. The reason alleged by the complainant why this remedy should be given is that the law amending the former charter of that city is unconstitutional. First. Because the districts into which the city is divided are largely unequal in proportion, though they have the same representation in the city council, and that this is particularly true of the colored population, which, in the third district, is by itself as large as the population of both the other districts. Second. Because the amended charter prescribes other qualifications for voters than are prescribed for voters in the constitution of the state, which are particularly oppressive to the colored people. Whatever may be said of the propriety or impropriety of the legislation in question, we are of opinion that the remedy sought for is not a proper one. There is no special wrong or irreparable damage alleged to be done or threatened to the complainants in person or property, but the injury threatened is stated to be the fear of great disorder and confusion, which would arise where there were two contending bodies claiming to be the common council, and to be entitled to the government of the city. The remedy for this is the writ of quo war-

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

ranto, brought by those out of possession of the office against those who hold it, and we know of no case where a court of equity has interposed by injunction to prevent an election upon such general grounds of fear, common to all citizens, even if the law under which it was about to be held was clearly unconstitutional. As is said by the supreme court of the state of Pennsylvania, in Smith & McCarty's 6th Equity Reports, "the power ought to be plain to authorize courts to forbid municipal elections when ordered by the legislature," and we may add, that before they exercise it there should be some threatened irreparable damage to the person or property of those who seek the remedy. If this election be an illegal, unconstitutional one, the remedy by quo warranto is complete. If it be a legal one, and the complainants or any of the citizens are deprived of their rights under the fourteenth or fifteenth amendment of the constitution of the United States, there is ample remedy in the courts, by indictment and otherwise, under the acts of May 1, 1870 [16 Stat. 140], and February 28, 1871 [16 Stat. 433], to punish the wrong done and to restore the rights of the parties. We think the injunction must be refused.